Jonathan A. Muenkel (SBN 298198)
**TORREY PINES LAW GROUP, P.C.**
12636 High Bluff Drive, Suite 400
San Diego, California 92130
(858) 800-2537 (telephone)
(858) 800-2537 (facsimile)
E-mail: jonathan@torreypineslaw.com

Attorney for Plaintiff, NIXON, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIXON, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RIP CURL, INC., a California corporation, and RIP CURL INTERNATIONAL PTY LIMITED, an Australian Proprietary Limited Company,<br><br>Defendants. | Case No. **'15CV2454 JAH NLS**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

1
COMPLAINT

Plaintiff, Nixon, Inc. ("Nixon" or "Plaintiff") for its Complaint against Defendants Rip Curl, Inc. ("Rip Curl USA") and Rip Curl International Pty Limited ("Rip Curl Australia") (Rip Curl USA and Rip Curl Australia together, "Defendants") alleges and states as follows:

## NATURE OF ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq. Plaintiff seeks damages, attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive relief.

## THE PARTIES

2. Plaintiff, Nixon, Inc., is a corporation organized and existing under the laws of the State of California, with its principal place of business at 701 South Coast Highway 101, Encinitas, California 92024.

3. Upon information and belief defendant, Rip Curl, Inc. is a corporation organized and existing under the laws of the State of California, with its principal place of business at 3030 Airway Avenue, Costa Mesa, California 92626.

4. Upon information and belief defendant, Rip Curl International Pty Limited, is an Australian proprietary limited company organized and existing under the laws of Australia, with its principal place of business at 101 Surfcoast Highway, Torquay, VIC 3228, Australia.

## JURISDICTION & VENUE

5. This Court has original and exclusive jurisdiction over the subject matter of this case pursuant to 35 U.S.C. § 271, and 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Rip Curl USA since, *inter alia,* Rip Curl USA is registered to do business in the State of California; Rip Curl USA's principal place of business is in California; Rip Curl USA transacts business in, and maintains continuous and systematic contacts within, this District and the State of California; and Rip Curl USA has

committed acts of patent infringement complained of herein and/or contributed to or induced those acts of patent infringement by others in this District, and elsewhere in California and the United States.

7. This Court has personal jurisdiction over Rip Curl Australia since, *inter alia,* Rip Curl Australia has purposefully availed itself of the privilege of conducting activities within the State of California, thus invoking the benefit and protection of its laws, by filing one or more legal proceedings in this State (see e.g., *Rip Curl Int'l Pty Ltd. v. Hypersearch Unlimited Inc. et al.*, Case No. 97-cv-00285 (C.D. Cal.)); upon information and belief Rip Curl Australia transacts business in, and maintains continuous and systematic contacts within, this District and the State of California; upon information and belief, Rip Curl Australia intentionally established distribution channels for the Accused Products (hereafter defined) in California and in this District; upon information and belief Rip Curl Australia intentionally obtained substantial revenues from sales of the Accused Products to California residents; and Rip Curl Australia has committed acts of patent infringement complained of herein and/or contributed to or induced those acts of patent infringement by others in this District, and elsewhere in California and the United States.

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and the Defendants reside in this District by virtue of being subject to personal jurisdiction in this judicial district by, among others, their repeatedly availment and direction of their activity toward the District, and engaging in acts of infringement in this judicial district.

///

///

///

## FACTUAL BACKGROUND

9. Nixon is a company founded in 1997, and with its headquarters in Encinitas, California. Nixon designs, manufactures and sells wristwatches, apparel and other accessories in the United States, and elsewhere, with a particular focus on surfing and other action sports.

10. On December 14, 2004, United States Patent No. 6,830,166 ( "the '166 Patent") entitled "Strap Retention System and Uses Therefor," was duly and legally issued by the United States Patent and Trademark Office. Nixon is owner of the '166 Patent by way of assignment. A true and correct copy of the '166 Patent is attached hereto as **EXHIBIT 1**.

11. Nixon utilizes the technology covered by the '166 Patent in a number of its products.

12. Upon information and belief, Defendants are making, offering to sell, selling, and/or importing into the United States products that infringe one or more claims of the '166 Patent, including, but not limited to, Defendants' "SearchGPS" watch (hereafter "Accused Products"). See **EXHIBIT 2**.

13. Defendants do not have a license to the '166 Patent.

## FIRST CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. 6,830,166

14. Nixon re-alleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 13 above.

15. Defendants have directly and indirectly infringed, and continue to infringe, (literally and under the doctrine of equivalents) one or more claims of the '166 Patent by making, using, selling, offering for sale, and/or importing, the Accused Products.

16. Defendants' infringement of the '166 Patent has caused, and continues to cause, damage to Nixon in an amount to be determined at trial.

17. Defendants' infringement of the '166 Patent has caused, and continues to cause, immediate and irreparable harm to Nixon for which there is no adequate remedy at law, unless this Court enjoins and restrains such activities.

18. Upon information and belief, Defendants' aforementioned acts were done with knowledge of the '166 Patent, and that their infringement was willful and deliberate.

## **PRAYER FOR RELIEF**

WHEREFORE, Nixon respectfully prays that the Court grant the following relief:

A. For judgment that Defendants infringe one or more claims of the '166 Patent;

B. An award of damages adequate to compensate Nixon for patent infringement, as well as prejudgment interested from the date infringement began, but in no event less than a reasonable royalty as permitted by 35 U.S.C. §284;

C. An aware of treble damages for the period of any willful infringement pursuant to 35 U.S.C. §284;

D. A finding that this case is exceptional and an award of interest, costs and attorneys' fees incurred by Nixon in prosecuting this action, as provided by 35 U.S.C. §285;

E. A preliminary and permanent injunction prohibiting Defendants, their respective officers, agents, servants, employees and/or all persons acting in concert or participation with them, from engaging in further infringement and/or acts of infringement of the '166 Patent;

F. An award of pre-judgment and post-judgment interest as provided by law; and

G. For all other and further relief deemed just and proper by the Court.

//
//
//
//
//

**DEMAND FOR JURY TRIAL**

    Plaintiff hereby demands a trial by jury on all claims.


Dated: October 29, 2015                              **TORREY PINES LAW GROUP, P.C.**

                                                By: /s/ Jonathan A. Muenkel
                                                     Jonathan A. Muenkel
                                                     jonathan@torreypineslaw.com
                                                     Attorney for Plaintiff, Nixon, Inc.